UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: ) <br> Rockville Orthopedic Associates, P.C. ) <br> d/b/a Connecticut Orthopaedic & Sports ) <br> Medicine Center ) <br> ) <br> Debtor ) | Chapter 11 <br><br> Case No. 06-20916 |

APPEARANCES:

Irve J. Goldman, Esq.
Pullman & Comley, LLC, 850 Main Street, PO Box 7006, Bridgeport, CT 06601
Counsel for Debtor

Julie A. Manning, Esq.
Shipman & Goodwin LLP, One Constitution Plaza, Hartford, CT 06103
Counsel for Movant

## RULING ON MOTION FOR LEAVE TO AMEND

## INFORMAL PROOF OF CLAIM

KRECHEVSKY, U.S.B.J.

### I.

### ISSUE

At issue in this proceeding is the sufficiency of a creditor's asserted timely filed informal proof of claim so that it may be amended by an otherwise untimely formal proof of claim. The matter has been submitted solely on the court's records and the parties' extensive and thoughtful memoranda of law.

### II.

### BACKGROUND

Rockville Orthopedic Associates, P.C. d/b/a/ Connecticut Orthopedic & Sports

Medicine Center ("the debtor"), on September 29, 2006, filed a Chapter 11 petition. A court order fixed January 29, 2007 as the deadline for creditors, other than governmental units,[1] to file proofs of claim. Fed. R. Bankr. P. 3003(c)(2) requires "[a]ny creditor... whose claim ... is not scheduled or scheduled as disputed, contingent, or unliquidated shall file a proof of claim ... within the time ... [t]he court shall fix...." in a Chapter 11 case.[2]

The debtor's original creditor schedules listed Eastern Rehabilitation Network ("ERN") as holding a "Disputed Claim" of $153,126.35 for "payroll and computer expenses." The debtor's "Statement of Financial Affairs," listing "suits and administrative proceedings" noted a pending arbitration proceeding with ERN. Counsel for ERN filed a notice of appearance in the debtor's case on October 26, 2006, but no formal proof of claim on behalf of ERN was filed by anyone prior to the deadline of January 29, 2007.

ERN, on November 8, 2006, filed with the court a pleading entitled "Objection to [Debtor's] Motion For Order Authorizing Debtor to Pay Certain Prepetition Obligations." In this pleading, ERN described itself as "a creditor and party in interest" and objected to the requested payment as "preferential treatment to one group of unsecured creditors at the expense of other unsecured creditors."[3] ERN, on

---

[1] The clerk's office set the bar date for governmental units at 180 days after the order for relief was entered.

[2] "Prior to 1963, creditors were not required to file a proof of claim to participate in a Chapter XI arrangement. In 1963 a filing requirement was imposed." Hoos & Co. v. Dynamics Corp. of America, 570 F.2d 433, 438 n.15 (2d Cir. 1978).

[3] The parties thereafter came to an agreement and the court, on December 7, 2006, entered an agreed-to order granting the debtor's motion.

2

December 13, 2006, filed a second pleading entitled "Objection to Debtor's Motion For Order Authorizing Assumption of Unexpired Lease of Non-Residential Real Property," again describing itself as "a creditor and party in interest" and objecting on the basis that the requested order was "not in the best interest of the estate or its creditors."

On March 27, 2007, ERN filed a motion entitled "Motion For Leave to Amend Informal Proof of Claim" ("the instant motion") promptly after being advised of the lack of a formal proof of claim on file. ERN relies on the two mentioned pleadings it had filed in the debtor's case and the equities of the matter, as representing "informal proofs of claim," subject to amendment by a formal proof of claim.

### III.

### DISCUSSION

#### A.

Both parties have referred in their memoranda to four published rulings of this bankruptcy judge dealing with the doctrine of recognizing informal proofs of claim when a formal proof of claim has not been timely filed. See Robinson v. Novak (In re Dove House, Inc.), 233 B.R. 230, 232 (Bankr. D.Conn. 1999); In re Dazic Controls Corp., 178 B.R. 328, 333 (Bankr. D.Conn. 1995); In re Veilleux, 140 B.R. 28, 29 (Bankr. D.Conn. 1992); In re E.C.W., Inc., 107 B.R. 451, 452-53 (Bankr. D.Conn. 1989).[4] Each of these rulings describes the doctrine as "[1] a creditor's filing of a document with the bankruptcy court [2] prior to a bar date which indicates, at a minimum, [3] the basis for a claim and [4] the creditor's intent to hold the estate liable,

---

[4] Bankruptcy court rulings from this circuit and appellate authorities from other circuits were cited.

may constitute an informal proof of claim capable of being later amended by a formal proof of claim."

The debtor points out that a fifth element of the doctrine has been referred to in several bankruptcy court rulings[5] within this circuit, namely, that the amount of the claim must be included in the informal proof of claim. ERN, on its behalf, contends the court should add as a fifth element the one described in 4 Collier on Bankruptcy ¶501.01[3][e] (15th ed. rev. 2006), supported by two circuits[6] - "The allowance of the claim must be equitable under the circumstances of the case."[7]

## B.

The debtor contends the instant motion should not be sustained because the pleadings relied upon by ERN show neither the basis of ERN's claim, an intent to hold the estate liable, nor the amount of the claim. ERN argues that, under all the described

---

[5] See, e.g. In re Rainbow Trust, 179 B.R. 51, 54 (Bankr. D.Vt. 1995); In re Carmelo Bambace, Inc., 134 B.R. 125-28 (Bankr. S.D.N.Y. 1991); In re Pabis, 62 B.R. 633, 636 (Bankr. D.Conn. 1986).

[6] In re M.J. Waterman & Associates, Inc., 227 F.3d 604, 609 (6th Cir. 2000) ("Creditors who have failed to adhere to the strict formalities of the Bankruptcy Code but who have taken some measures to protect their interests in the bankruptcy estate may be able to preserve those interests by showing that they have complied with the spirit of the rules."); In re Nikoloutsos 199 F.3d 233, 238 (5th Cir. 2000) ("In sum, we hold [ ] qualifies as an informal proof of claim because the equities clearly weigh in [the creditor's] favor." ).

[7] The full Collier statement is as follows:
    The five elements that must be satisfied are:
    (1)    The proof must be in writing;
    (2)    The writing must contain a demand against the estate;
    (3)    The writing must evidence the intent to hold the estate liable;
    (4)    The writing must be filed with the bankruptcy court; and
    (5)    The allowance of the claim must be equitable under the circumstances of the case.

circumstances, including that the debtor has not yet filed a plan of reorganization, no disruption of the reorganization process would occur, and the instant motion was filed prior to the bar date for governmental units to file claims, the instant motion should be granted.

The United States Court of Appeals for the Second Circuit has not addressed the issue of informal proofs of claim since the enactment in 1978 of the present Bankruptcy Code. This court, accordingly, is free to anticipate the ruling of the Court of Appeals on the uncontested facts of this proceeding. ERN contends that several holdings of the Court of Appeals involving the previous Bankruptcy Act of 1898 suggest an especially liberal approach in applying the doctrine of informal proof of claim. ERN cites In re Gibraltor Amusements, Ltd., 315 F.2d 210, 216 (2d Cir. 1963) ("But the most astonishing part of the whole case is the contention of appellees that the equities of the situation require a denial of the Bank's petition for leave to amend its claim. We think the equities are all the other way around. Concededly the assets of the bankrupt are substantial, and no distribution to creditors has yet been made."); Conway v. Union Bank of Switzerland, 204 F.2d 603, 606 (2d Cir. 1953) ("Ever since Hutchinson v. Otis, Wilcox & Co., 1903, 190 U.S. 552, 555, 23 S.Ct. 778, 47 L.Ed. 1179 it has been a common-place in bankruptcy that a claim may be amended to conform to the required formalities, provided the 'cause of action' is the same, and this Circuit has been especially liberal in applying the doctrine."). See also In re High Point Seating Co., 181 F.2d 747, 750 (2d Cir. 1950).

The debtor objects to the consideration of pre - Bankruptcy Code decisions. "The Act cases, having been decided under an entirely different set of statutes and

rules, are simply uninformative as to how an informal proof of claim may be established under the Bankruptcy Code and Rules." (Debtor's Mem. of 5/3/2007 at 12.)

IV.

## CONCLUSION

The court concludes, after giving due consideration to the parties' arguments on the origin and application of the judge-made doctrine of informal proofs of claim, that the instant motion should be granted. The court overrules the debtor's argument that the amount of the creditor's claim must be established in the informal proof of claim. The court does adopt the position of ERN and Collier, that amendments to informal proofs of claim, at bottom, are equitable in nature and are based on the particular circumstances of each case. Here the issue of the failure to file a timely proof of claim arose early in an administration of the debtor's case and the debtor makes no claim that granting the instant motion will delay the progress of the Chapter 11 case. The debtor, through the filing by ERN of its two pleadings, was made aware of ERN's asserted status as a creditor and the intent of ERN to hold the estate liable. The two pleadings filed by ERN sufficiently satisfy the essential elements of an informal proof of claim so that allowance of its claim as timely filed is clearly equitable under the circumstances of this case.

The instant motion is granted and it is

SO ORDERED.

Dated at Hartford, Connecticut this 11th day of May, 2007.

_____
ROBERT L. KRECHEVSKY
UNITED STATES BANKRUPTCY JUDGE